UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONALD F. GEARY, JR.,

                              Plaintiff,

        v.                                              **DECISION AND ORDER**
                                                        12-CV-796S
WILLIAM C. FANCY,

                              Defendant.


# I.  INTRODUCTION

Plaintiff commenced the present action against Defendant in the State of New York Supreme Court, Erie County, in June 2012. The claim arises from an April 6, 2011 automobile accident in which Plaintiff's vehicle was rear-ended by one driven by Defendant.   Defendant removed the case to this Court in August, asserting federal jurisdiction based on diversity. Presently before this Court are Plaintiff's motion for partial summary judgment on the issue of liability and Defendant's cross-motion for summary judgment dismissing the complaint.

For the reasons that follow, Plaintiff's motion is granted and Defendant's motion is denied.


# II. DISCUSSION

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec.

1

Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 248), *cert denied*, 540 U.S. 811 (2003). A court must also "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). Further, where, as here, both parties move for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales v. Quintel Entm't, 249 F.3d 115, 121 (2d Cir. 2001).

A.    **Plaintiff's Motion for Partial Summary Judgment on Liability**

Plaintiff argues that the undisputed fact that the accident resulted when Defendant's vehicle rear-ended Plaintiff's vehicle while the latter was stopped in traffic establishes his entitlement to summary judgment on the issue of Defendant's liability. In support of his motion, he relies not only on his own deposition testimony that his car had been stopped for several seconds prior to the collision, but also Defendant's testimony wherein he describes the accident as follows:

> [O]nce I had gotten on the highway, I believe at that point, right before the accident, I came close to the speed limit, which is 55 along there, miles per hour. So, close to 90 kilometers per hour. I was in the left-hand lane of

2

three lanes along there.  Heavy traffic once, again.  I knew that I was going to have to get to the right at some point to get off at the exit.

So, I looked around quickly, turned by head to do a shoulder check, to make sure I had a lane that I could move to.  When I turned back I saw brake lights.  Everybody was stopping.  I had an opening, but I just couldn't make it all the way over in time, and hit my brakes at the same time.  And that's when I collided with the vehicle in front of me.

(Murphy Affirm Ex F, Def's Dep at 18.) Defendant subsequently pled guilty to a traffic violation for following too closely. (Murphy Affirm Ex F, Def's Dep at 31-32; Id. Ex G.)

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision." Lapierre v. Love, 100 A.D.3d 713, 714, 954 N.Y.S.2d 154 (N.Y.A.D. 2d Dep't 2012) (internal quotation marks omitted); see Krynski v. Chase, 707 F. Supp. 2d 318, 322-23 (E.D.N.Y. 2009) (presumption of negligence based on both common law and New York Vehicle and Traffic Law).

Here, Defendant disputes that Plaintiff's vehicle was stopped at the time of the accident, highlighting his own testimony that traffic had been moving at approximately 55 miles per hour just prior to the accident. (Def's Mem in Opp'n Ex B, Def's Dep at 18.) Defendant further testified that the road was "damp" at the time of the accident due to intermittent rain, and if the road had been dry "[he] could have stopped." (Def's Dep at 39.) He further asserts that a statement in Plaintiff's medical records that Plaintiff was "traveling about 5 miles per hour" (Def's Mem in Opp'n Ex A) establishes "that Plaintiff went from 55 miles per hour to 5 miles per hour in a matter of seconds." (Def's Mem in Opp'n at 3.)

"A claim that the driver of the lead vehicle made a sudden stop, standing alone, is

insufficient to rebut the presumption of negligence." Robayo v. Aghaabdul, 109 A.D.3d 892, 893, 971 N.Y.S.2d 317 (N.Y.A.D. 2d Dep't 2013)(quoting Jumandeo v Franks, 56 AD3d 614, 615, 867 N.Y.S.2d 541 (N.Y.A.D. 2d Dep't 2008)).  This is because every driver is under a duty to maintain a safe distance between his or her car and the car ahead in light of the prevailing traffic and weather conditions. See Robayo, 109 A.D.3d at 893-94 (defendant failed to rebut presumption of negligence where acknowledged heavy traffic gave rise to a duty to anticipate possibility of plaintiff's sudden stop); Volpe v. Limoncelli, 74 A.D.3d 795, 796, 902 N.Y.S.2d 152 (N.Y.A.D. 2d Dep't 2010) (mere assertion that allegedly wet roadway contributed to defendant's inability to stop insufficient to overcome presumption of negligence); see generally N.Y. Vehicle & Traffic Law § 1129(a).

Here, the statement in Plaintiff's medical record that "traffic was going very slow" at the time of the accident may call into question Plaintiff's assertion that his vehicle was completely stopped prior to impact. (Def's Mem in Opp'n Ex A.) This record does not support the conclusion, however, that Plaintiff was traveling at 55 miles per hour at any point prior to the accident, particularly where both parties testified that traffic was heavy. (Murphy Affirm Ex F, Def's Dep at 17-18; Id. Ex E, Pl's Dep at 37-38.)  Indeed, Defendant testified that, prior to his being able to travel at 55 miles per hour, traffic "actually got heavier to the point where it had slowed down. . . . It was heavy, there was a bit of rain." (Murphy Affirm Ex F, Def's Dep at 17.)  Just before the accident there was "[h]eavy traffic once, again." (Id. at 18.)  As such, Defendant failed to raise a triable issue of fact whether Plaintiff stopping his vehicle was unforeseeable in light of the circumstances.  Plaintiff's motion for partial summary judgment is therefore granted.

4

**B.     Defendant's Motion for Summary Judgment Dismissing the Complaint**

Defendant argues that the Complaint must be dismissed in its entirety because Plaintiff did not suffer a serious injury as defined by New York Insurance Law § 5102(d) as a result of the accident.

In order to weed out frivolous claims and limit recovery to significant injuries, New York's No Fault law requires that a plaintiff commencing an action for damages as a result of a motor vehicle accident establish that he or she sustained a serious injury. See N.Y. Insurance Law § 5104(a); Pommells v. Perez, 4 N.Y.3d 566, 571, 830 N.E.2d 278 (2005); Toure v. Avis Rent A Car Sys., 98 N.Y.2d 345, 350, 774 N.E.3d 1197 (2002); Dufel v. Green, 84 N.Y.2d 795, 798, 647 N.E.2d 105 (1995).

> "Serious injury" means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days ["90/180"] immediately following the occurrence of the injury or impairment.

N.Y. Insurance Law § 5102(d).

To establish a serious injury, a plaintiff must provide objective medical evidence, inasmuch as subjective complaints alone are insufficient. Toure, 98 N.Y.2d at 350; Yong Qin Luo v. Mikel, 625 F.3d 772, 777 (2d Cir. 2010). Whether a plaintiff has met this prima facie burden is a threshold question of law for the court to determine. Yong Qin Luo, 625 F.3d at 776-77; Licari v. Elliott, 57 N.Y.2d 230, 236, 441 N.E.2d 1088 (1982).

In order to prove the extent or degree of physical limitation, an expert's designation of a numeric percentage of a plaintiff's loss of range of motion

> can be used to substantiate a claim of serious injury. An expert's qualitative assessment of a plaintiff's condition also may suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system. When supported by objective evidence, an expert's qualitative assessment of the seriousness of a plaintiff's injuries can be tested during cross-examination, challenged by another expert and weighed by the trier of fact.   By contrast, an expert's opinion unsupported by an objective basis may be wholly speculative, thereby frustrating the intent of [New York's] No-Fault Law to eliminate statutorily-insignificant injuries or frivolous claims.

Toure, 98 N.Y.2d at 350-51 (internal citations and emphasis omitted); see Yong Qin Luo, 625 F.3d at 777; Dufel, 84 N.Y.2d at 798.

Here, Defendant argues that Plaintiff has not suffered a serious injury under any category of section 5102(d).   " 'In support of [an] argument that there is no such serious injury, defendant may rely on the unsworn reports by plaintiff's physicians, but must provide evidence from its own physicians in the form of sworn affidavits.' " Yong Qin Luo,  625 F.3d at 777 (quoting Barth v. Harris, 00civ1658, 2001 WL 736802, at *2 (S.D.N.Y. June 25, 2001)).   Defendant relies primarily on the report of his expert physician, wherein the physician opined that Plaintiff's objective symptoms did not establish "any significant injury related to [Plaintiff's] cervical, thoracic or lumbar spine." (Docket No. 20-8.) However, Defendant does not address Plaintiff's assertion that this report is unsworn and therefore implicitly concedes that it is not presented in admissible form. (Pl's Mem in Opp'n at 1-2; Def's Reply Mem 1-6); Yong Qin Luo,  625 F.3d at 777. The report will therefore not be considered.

Defendant nonetheless argues that he is entitled to summary judgment because Plaintiff has failed to produce prima facie evidence that he suffered a qualifying injury. Defendant highlights evidence that Plaintiff missed no more than a total of 20 days of work

following the accident and could still perform physically demanding tasks such as babysitting his young grandchildren and putting up drywall. (Def's Mem at 5, Ex F at 5-6, 9-10, Ex G at 6-7.)  Further, Plaintiff's medical records show no sign of a fracture or dislocation following the accident. (Def's Mem at 5, Ex D.)

However, even assuming that this establishes a prima facie showing of his entitlement to summary judgment, Plaintiff has at minimum raised a triable issue of material fact whether he suffered from a significant limitation within the meaning of New York Insurance Law § 5102(d).  The determination of whether a plaintiff has a serious injury under the significant limitation of use category " 'relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part' " Toure, 98 N.Y.2d at 353 (quoting Dufel, 84 N.Y.2d at 798); see also Matte v Hall, 20 A.D.3d 898, 899, 798 N.Y.S.2d 829 (N.Y.A.D. 4th Dep't 2005).  Here, although Defendant is correct that evidence of a herniated or bulging disc is not alone sufficient to establish a serious injury for the purposes of section 5102(d). Toure, 98 N.Y.2d at 353 n. 4, Plaintiff has submitted objective proof in the form of "a physician's designation of a numeric percentage of a plaintiff's loss of range of motion," Matte, 20 A.D.3d at 899 (quoting Toure, 98 N.Y.2d at 350) (internal quotation marks omitted); see also Yong Qin Luo,  625 F.3d at 777.

Specifically, Plaintiff submitted the sworn affidavit of his treating physician, Dr. William Capicotto, in opposition to Defendant's motion. (Murphy Resp Aff Ex A (Capicotto Affidavit).)  Dr. Capicotto stated that Plaintiff's MRI showed "extensive cervical spine problems particularly at C3-4, C5-6 and C6-7 with disc herniations causing him chronic pain in the neck" which "may ultimately require surgical intervention." (Capicotto Aff ¶¶ 5,

7

11.)  A herniated disc in Plaintiff's lumbar spine may also require surgical intervention in the future. (Id. ¶ 8.)  Dr. Capicotto opined that Plaintiff's "serious, permanent injuries to his cervical, thoracic and lumbar spine regions" directly resulted from the accident in question. (Id. ¶ 13.)  As a result, Plaintiff had a limited range of motion in his neck and spine: specifically, Plaintiff's left rotation of the neck was limited to 60 degrees out of 90, while his right rotation was limited to 50 degrees; his spinal extension was limited to 10 degrees out of 20; and his forward lumbar flexion was limited to 50 degrees out of 90.  (Id. ¶¶ 9-10.) This is sufficient to raise a triable question of fact, particularly in light of Defendant's minimal showing.  See Clark v. Aquino, 113 A.D.3d 1076, 1077-78, 978 N.Y.S.2d 546 (N.Y.A.D. 4th Dep't 2014); Nelson v. Tamara Taxi Inc., 112 A.D.3d 547, 548, 978 N.Y.S.2d 36 (N.Y.A.D. 1st Dep't 2013).

## III. CONCLUSION

Defendant failed to rebut the presumption of negligence raised by the rear-end collision, therefore Plaintiff's motion for partial summary judgment on the issue of liability is granted. Further, because Plaintiff raised a triable issue of material fact whether he suffered a serious injury within the meaning of New York Insurance Law § 5102(d), Defendant's motion for summary judgment dismissing the Complaint is denied.

## IV. ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 18) is GRANTED;

FURTHER, that Defendant's Motion for Summary Judgment dismissing the

complaint (Docket No. 20) is DENIED.

SO ORDERED.


Dated: December 27, 2014
       Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                            Chief Judge
                                     United States District Court