UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONALD F. GEARY, JR.,

                              Plaintiff,

        v.

WILLIAM C. FANCY,

                              Defendant.
_____

**DECISION
and
ORDER**

**12-CV-796W(F)**

APPEARANCES:            MAXWELL MURPHY, LLC
                        Attorneys for Plaintiff
                        JOHN F. MAXWELL,
                        WILLIAM D. MURPHY, of Counsel
                        1230 Delaware Avenue
                        Buffalo, New York  14209

                        WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
                        Attorneys for Defendant
                        BEATA SHAPIRO, of Counsel
                        260 Franklin Street, 14th Floor
                        Boston, Massachusetts  02110

## JURISDICTION

        This case was referred to Hon. H. Kenneth Schroeder on August 28, 2012 for all

non-dispositive matters (Dkt. 4).  It was referred to the undersigned by order of Judge

Skretny on October 29, 2014 (Dkt. 33).  The matter is before the court on Defendant's

motions filed August 22, 2014 (Dkt. 29) and October 14, 2015 (Dkt. 47).

## BACKGROUND and FACTS[1]

        This automobile accident case, in which Plaintiff was injured as a result of a rear-

end collision, was originally filed in New York Supreme Court and removed based on

_____

[1]  Taken from the pleadings and papers filed in this action.

diversity of the parties' citizenships on August 22, 2012.  As noted, Defendant has filed

two motions to preclude or limit the testimony of Plaintiff's treating physician, Dr. William

N. Capicotto, a local orthopedic and spine surgeon ("Dr. Capicotto") as a fact witness.

("Defendant's motions").  Defendant's first motion was filed August 22, 2014 (Dkt. 29)

together with the Affirmation In Support of Defendant's Motion to Preclude [of Beata

Shapiro],[2] Dkt. 30, ("Shapiro Affirmation") attaching exhibits A – C ("Shapiro Affirmation

Exh(s). __"), and a Memorandum of Law in Support of Defendant's Motion to Preclude,

Dkt. 31, ("Defendant's Memorandum") attaching exhibits 1 – 6 ("Defendant's

Memorandum Exh(s). __") ("Defendant's First Motion").  On March 18, 2015, Plaintiff

filed the Attorney Affidavit [of John F. Maxwell] In Opposition to Defendant's Motion to

Preclude, Dkt. 42, ("Maxwell Affidavit");[3] on March 31, 2015, Defendant filed a Reply in

Support of Defendant's Motion to Preclude, Dkt. 44, ("Defendant's Reply").

 Defendant's second motion to preclude or limit Dr. Capicotto's testimony was

filed October 14, 2015, Dkt. 47, together with the Affirmation [of Beata Shapiro] in

Support of Defendant's Motion to Preclude, Dkt. 47-1 ("Shapiro Affirmation II") attaching

exhibits A & B ("Exh(s). __ to Shapiro Affirmation II") and a Memorandum of Law In

Support of Defendant's Motion to Preclude Plaintiff's Supplemental Disclosure, Dkt. 47-

2, ("Defendant's Memorandum II") attaching Exhibit A, (Dkt. 47-3) ("Exh(s) __ to

Defendant's Memorandum II") ("Defendant's Second Motion").  On December 17, 2015,

Plaintiff filed Attorney's Affidavit [John F. Maxwell] in Opposition to Defendant's Second

Motion to Preclude (Dkt. 51) ("Maxwell Affidavit II") attaching exhibits A – G, Dkt. 51-1

---

[2] Unless indicated otherwise material in brackets is added.

[3] Plaintiff's response was extended to March 20, 2015, Dkt. 39, following disposition of  Defendant's
summary judgment motion.  Dkt. 32.

(Exh(s). ___ to Maxwell II"), together with a Memorandum of Law In Opposition to Defendant's Second Motion to Preclude (Dkt. 51-8) ("Plaintiff's Memorandum II").  On December 29, 2015, Defendant filed a Reply in Support of Defendant's Motion to Preclude (Dkt. 52) ("Defendant's Reply II").

The first Case Management Order (Dkt. 8) required disclosure of Plaintiff's expert witnesses by January 30, 2014.  On April 11, 2014, Plaintiff served Plaintiff's Expert Disclosure consisting of a three-page statement by Dr. Capicotto describing Plaintiff's injuries, the permanency of such injuries, treatment and Dr. Capicotto's opinion that Plaintiff's injuries were caused by the rear-end accident involving the collision with Defendant's automobile.  Shapiro Affirmation Exh. C (Dkt. 30-3) at 2-4.  Plaintiff's Expert Disclosure Statement also included Dr. Capicotto's curriculum vitae, *id.*, at 7-15 along with a listing of his prior testimony.  *Id.* at 17-18.  On March 10, 2015, the Second Amended Scheduling (Dkt. 41) required identification of Plaintiff's expert witnesses with reports pursuant to Fed.R.Civ.P. 26 by August 31, 2015.  On September 3, 2015, Plaintiff filed Plaintiff's Supplemental Expert Disclosure Pursuant to FRCP Rule 26 (Dkt. 45) ("Plaintiff's Supplemental Expert Disclosure") including Plaintiff's statement that Dr. Capicotto had continued to treat Plaintiff since January 2014, a report by Dr. Capicotto regarding cervical spine surgery performed on Plaintiff on February 27, 2015, attached to Plaintiff's Supplemental Expert Disclosure as Exhibit C, and Dr. Capicotto's affidavit, Exh. A, and report, Exh. B, which provides a detailed description of Dr. Capicotto's treatment of Plaintiff including his findings regarding Plaintiff's injuries and that they were caused by the accident involving Defendant, along with copies of Dr. Capicotto's medical reports describing his recent treatment of Plaintiff.  Oral argument was deemed

unnecessary.  Based on the following, Defendant's motions, Dkts. 29 and 47, should be
DENIED.

## DISCUSSION

In Defendant's First Motion, Defendant contends Dr. Capicotto's proposed expert
testimony should be precluded or limited to that of a fact witness limited to testimony
regarding Dr. Capicotto's treatment of Plaintiff and excluding any testimony regarding
the findings of Plaintiff's other treating physicians because Plaintiff's Expert Disclosure
did not comply with Fed.R.Civ.P. 26(a)(2)(B) ("Rule 26(a)(2)(B)").  Defendant's
Memorandum at 2.  Defendant also requests the court find that as a fact witness and
not an expert witness Dr. Capicotto's witness fees at deposition or trial are limited to
$40 *per diem* provided for witnesses under 28 U.S.C. § 1821(b) (witnesses in federal
court entitled to attendance fee of $40 per day) ("§ 1821(b)").  *Id.* at 4-5.  More
specifically, despite recognizing that treating physicians are not required to provide a full
report required by Rule 26(a)(2)(B), Defendant's Memorandum at 2 (citing caselaw),
Defendant contends that in such case the physician's opinion testimony is limited to the
physician's examination, diagnosis and treatment of the patient, but cannot be based on
information received from "outside sources."  *Id.* (citing *Franz v. New England Disposal
Techs., Inc.*, 2011 WL 5443856, at *2 (W.D.N.Y. Nov. 9, 2011) (quoting *Brundidge v.
City of Buffalo*, 79 F.Supp.2d 219, 224 (W.D.N.Y. 1999)).  According to Defendant, Dr.
Capicotto is therefore precluded from providing testimony based on "information outside
the course of his treatment of plaintiff, any opinion regarding plaintiff's pre-accident
conditions, or any opinion regarding causation of [plaintiff's] injuries."  Defendant's
Memorandum at 3-4.  Defendant does not particularize the opinions to which Defendant

believes Dr. Capicotto may testify based on information received outside the scope of his treatment of Plaintiff; however, as Plaintiff attached to the Maxwell Affidavit the report of Dr. Christopher L. Hamill based on Dr. Hamill's independent medical examination and report ("IME Report") of Plaintiff, Maxwell Affidavit Exh. D, Dkt. 42-4 at 2-25, it is apparent that Defendant seeks to preclude Dr. Capicotto's testimony because it is based in part on Dr. Hamill's IME Report as "outside information," or as a possible rebuttal to Dr. Hamill's opinions.  In his report to Plaintiff's No-Fault insurer, dated January 15, 2015, Dr. Capicotto references Dr. Hamill's opinion, as stated in his IME Report, that Plaintiff did not suffer a serious injury, expressing his disagreement with Dr. Hamill's opinion.  *See* Dkt. 45-2 at 16.

Under Fed.R.Civ.P. 26(a)(2)(C) ("Rule 26(a)(2)(C)") a witness who is not "retained or specially employed to provide expert testimony in this case," Fed.R.Civ.P. 26(a)(2)(B) ("Rule 26(a)(2)(B)"), must provide the pretrial disclosure required by Fed.R.Civ.P. 26 (a)(2)(A) for expert witnesses who will testify pursuant to Federal Rule of Evidence 702, 703, or 705, in a disclosure which states "(i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705," and "(ii) a summary of the facts and opinions to which the witness is expected to testify."  The Advisory Committee Notes to the 2010 Amendment which added Rule 26(a)(2)(C) to the Federal Rules of Civil Procedure specifies that "a witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness <u>and</u> <u>also</u> <u>provide</u> <u>expert</u> <u>testimony</u> under Evidence Rules 702, 703, or 705

(underlining added).[4]  Frequent examples include <u>physicians</u> or other health care professionals and employees of a party who do not regularly provide expert testimony."

Prior to adoption of Rule 26(a)(2)(C), courts in this Circuit had held that treating physicians, although not required to provide reports pursuant to Rule 26(a)(2)(B) (specifying seven prerequisites for reports of testifying experts specifically retained or employed to provide such testimony pursuant to Fed.R.Evid. 702, 703, or 705), were restricted in providing opinion testimony regarding "'diagnosis, treatment, prognosis and causation, but *solely* as to the information . . . acquired through observation of the [p]laintiff . . . as a treating physician limited to the facts in the [p]laintiff's course of treatment.'"  *Barack v. American Honda Motor Co., Inc.*, 293 F.R.D. 106, 109 (D.Conn. 2013) (quoting *Spencer v. Int'l Shoppes, Inc.*, 2011 WL 4383046, at *2 (E.D.N.Y. Sept. 20, 2011) (italics in original)).  This limitation to a treating physician's testimony was based on the physician's "'personal knowledge of the examination, diagnosis and treatment of a patient and not on information acquired from outside sources.'"  *Franz*, 2011 WL 5443856, at *2 (quoting *Brundidge*, 79 F.Supp.2d at 224).  Relevantly, this limitation on a treating physician's testimony was, prior to the 2010 adoption of Rule 26(A)(2)(C), warranted by the fact that because, prior to the identification disclosure required by Fed.R.Civ. P. 26(a)(2)(A) of a plaintiff's treating physician as a testifying expert, defendants will ordinarily have received through discovery a plaintiff's medical records covering the treating physician's treatment of plaintiff, a defendant will thereby have sufficient notice of the basis and scope of the treating physician's testimony as an expert, and thus courts determined treating physicians "were not required to comply with the expert report requirements of Rule 26(a)(2)(B)."  *Franz*, 2011 WL 5443856, at

---

[4]   Unless otherwise indicated underlining is added.

*2 (noting defendants had received through discovery plaintiff's medical records covering the disputed experts' treatment of plaintiff).   On the other hand, information a physician may have acquired from sources other than the plaintiff's treatment would not necessarily be revealed in plaintiff's medical records as supplied to a defendant thus creating the possibility of unfair surprise and delay.

Nor is there longer any doubt that treating physicians are to be considered as experts for purposes of Fed.R.Evid. 702, 703, and 705.   *See* Fed.R.Civ.P. 26(a)(2)(C)(i) ("if a witness is not required to provide a written report, this disclosure must state the subject on which the witness is expected to provide evidence under Federal Rule of Evidence 702, 703, or 705"); *Motta v. First Unum Life Ins. Company*, 2011 WL 4374544, at *4 (E.D.N.Y. Sept. 19, 2011) ("[w]e view the doctor's testimony as far broader than just a mere fact witness but as an expert") (quoting *Lamere v. New York State Office for the Aging*, 223 F.R.D. 85, 89 (N.D.N.Y. 2004)); Advisory Committee Notes 2010 Amendment to Fed.R.Civ.P. 26(a)(2)(C) (treating physicians are considered as "expert witnesses who are not required to provide reports under Rule 26(a)(2)(B)").   Thus, under Rule 26(a)(2)(C), a treating physician is an expert who may testify regarding the treatment of plaintiff including the physician's diagnosis of plaintiff's injuries, causation and prognosis, *i.e.*, the permanency of a plaintiff's injuries or their effects, provided the disclosure required by Rule 26(a)(2)(C) has been served on defendant.   *See Coleman v. City of Niagara Falls*, 2015 WL 4208602, at  *2 (W.D.N.Y. July 10, 2015) (treating physician to file summary required by Rule 26(a)(2)(C) (citing *Ramsey v. Nat'l R.R. Passenger Corp.*, 2015 WL 2168062, at *9 (S.D.N.Y. May 7, 2015) (treating physician may testify as to causation of plaintiff's injury without a report requested by Rule

26(a)(2)(B))).  Defendant's contention that as a treating physician, Dr. Capicotto is

precluded from opining on the permanency of Plaintiff's injuries and symptoms absent

providing a report required by Rule 26(a)(2)(B), Defendant's Memorandum II, Dkt. 47-2,

at 5, is meritless.  *See Goss v. JLG Industries, Inc.*, 2012 WL 268034, at \*11 (W.D.N.Y.

Jan. 30, 2012) (citing *Manganiello v. Agostini*, 2008 WL 5159776, at \*12 (S.D.N.Y. Dec.

9, 2008) ("[c]ourts in this Circuit have regularly held that treating physicians may testify

as to opinions formed during their treatment, including causation, severity, disability,

<u>permanency</u> and future impairments, without the obligation to submit an expert report [in

accordance with Rule 26(a)(2)(B)]")), *aff'd*, 612 F.3d 149 (2d  Cir. 2010).  Nor, based on

the explicit language of Rule 26(a)(2)(C) and its purpose as explained in the Advisory

Committee Note, is there any need to limit the scope of the treating physician's expert

opinion to plaintiff's treatment, by excluding therefrom matters beyond plaintiff's course

of treatment, *i.e.*, "information acquired from outside sources," *Motto*, 2011 WL

4374544, at \*3 (internal citation omitted), such as Dr. Capicotto's familiarity with Dr.

Hamill's IME Report, provided the basis for the testimony is within Rule 26(a)(2)(C)'s

required summary report, and such disclosure complies with Rule 26(a)(2)(C).

Defendant contends that Dr. Capicotto's opinions are based in part on his review

of Defendant's IME Report performed by Dr. Hamill, dated February 5, 2014, and, as

such, Dr. Capicotto's opinions are based on information outside the scope of Dr.

Capicotto's treatment of Plaintiff and therefore subject to preclusion.  However, although

Dr. Capicotto's No-Fault Report to Plaintiff's insurer, Dkt. 45-2 at 16, indicates Dr.

Capicotto has reviewed Dr. Hamill's IME Report and states Dr. Capicotto's

disagreement with Dr. Hamill's findings, such references do not disqualify Dr.

Capicotto's expected testimony as indicated in both Plaintiff's Expert Disclosure and

Supplemental Expert Disclosure, as neither the text or purpose of Rule 26(a)(2)(C), as

explained by the 2010 Advisory Committee Note, provides any reason to exclude Dr.

Capicotto's expert testimony and opinions because of Dr. Capicotto's knowledge of the

IME.  It is, of course, basic that an expert, including a treating physician like Dr.

Capicotto, may testify pursuant to Fed.R.Evid. 702 and offer an opinion based on "facts

or data in the case that the expert has been made aware of or personally observed."

Fed.R.Evid. 703 ("Rule 703").  Rule 703 therefore recognizes that testifying treating

physicians are eligible to testify as experts based on a variety of information other than

the physician's personal knowledge such as "reports and opinions of nurses,

technicians and other doctors . . .."  Advisory Committee Notes to 1972 Proposed

Federal Rules of Evidence.  Moreover, such facts need not be admissible in evidence if

they are of a type reasonably relied upon by a treating physician in forming an opinion.

Fed.R.Evid. 703.  Thus, Dr. Capicotto's opinion regarding Plaintiff's diagnosis and in

disagreement with Dr. Hamill's IME Report are not precluded because of Dr. Capicotto's

awareness of Dr. Hamill's IME Report.

    Defendant relies on *Pokigo v. Target Corp.*, 2014 WL 6885905, at *4 (W.D.N.Y.

Dec. 8, 2014) (citing caselaw), Defendant's Memorandum II, Dkt. 47-2, at 6, for the

proposition that "when a physician consults medical records or reviews opinions of other

doctors, compliance with Rule 26(a)(2)(B) is required."  However, this court is unable to

reconcile such restriction with the fact that under Rule 26(a)(2)(C) treating physicians

are to be considered as experts for purposes of Fed.R.Evid. 702 and 703 which permits

an expert to base his or her opinions on facts outside their personal knowledge and that

nothing in Rule 26(a)(2)(C) or the Advisory Notes supports such a limitation.  For these reasons, this court declines, respectfully, to follow *Pokigo* as to the restrictions on Dr. Capicotto's testimony sought by Defendant.  Significantly, the record demonstrates that the IME Report has been received and reviewed by Defendant and thus Defendant is fully able to examine Dr. Capicotto at a deposition or trial on this point if Defendant wishes to do so consistent with the purpose of Rule 26(a)(2)(C) to provide a defendant fair notice of the basis for the treating physician's expected testimony and its scope.  Moreover, Plaintiff has indicated that Dr. Capicotto's direct testimony will be limited to the subject matter described in Plaintiff's Expert Disclosures.  *See* Plaintiff's Memorandum II, Dkt. 51-8 at 1 ("[I]t is clear that [Dr. Capicotto] will testify only as to the injuries that the Plaintiff suffered in the accident . . . and the effects of those injuries").  Should, however, Plaintiff elect to have Dr. Capicotto provide rebuttal expert testimony to contradict Dr. Hamill's findings, Defendant will suffer no undue prejudice.  Defendant has received ample notice of the basis for any rebuttal expert testimony by Dr. Capicotto based on his review of Dr. Hamill's IME Report.  Thus, there is no merit in Defendant's request, Defendant's Memorandum I at 2, that Dr. Capicotto's testimony should be precluded or limited strictly to his course of treatment of Plaintiff and his related findings or that of a fact witness for purposes of compensation pursuant to § 1821(b).  *See Maxwell v. Becker*, 2015 WL 4872137, at *5 (W.D.N.Y. Aug. 13, 2015) (treating physicians to be treated as expert witnesses under § 1821(b) entitled to a reasonable witness fee); *see also Coleman v. Dydula*, 190 F.R.D. 320, 323 (W.D.N.Y. 1999) (same) (citing *Haslett v. Texas Industries, Inc.*, 1999 WL 354227, at *2 (N.D. Tex. May 20, 1999)).  Nor is there any basis to restrict Dr. Capicotto's opinion testimony

regarding information obtained outside the course of Plaintiff's treatment such as

Plaintiff's pre-accident condition, or the cause of Plaintiff's injuries as Defendant also

contends as Defendant requests.  Defendant's Memorandum, Dkt. 31, at 4.  The record

indicates that in Plaintiff's Supplemental Expert Disclosure, Dr. Capicotto was familiar

with Plaintiff's medical history prior to the accident.  *See* Dkt. 45-1 at 10; Dkt. 45-2 at 10;

*id.* at 16.  Such information is well within the type of information a treating physician

would glean in the course of providing treatment.  *See* Advisory Committee Notes to

Fed.R.Evid. 703, Discussion, *supra*, at 9.

Finally, there is no merit in Defendant's Second Motion to preclude Dr.

Capicotto's expected testimony on the ground that Plaintiff's Supplemental Expert

Disclosure was served on September 3, 2015, three days beyond the disclosure cut-off

date of August 31, 2015 established by the Second Amended Scheduling Order, as

Defendant argues.  Shapiro Affirmation ¶¶ 8, 9; Defendant's Memorandum II, Dkt. 47-2,

at 3-5.  Plaintiff's Supplemental Disclosure provides an update regarding Dr. Capicotto's

treatment of Plaintiff which was initially disclosed to Defendant in Dr. Capicotto's June 3,

2014 affidavit provided to Defendant at that time, Dkt. 45 ¶¶ 2, 3, a fact Defendant does

not dispute.  Rather, Defendant argues, Defendant's Reply II at 3, without any reference

to Rule 26(a)(2)(C), that Plaintiff's expert disclosures fail to comply with Rule 26(a)(2)(B)

which, as discussed, Discussion, *supra*, at 5-7, is inapplicable to a treating physician

such as Dr. Capicotto.  Further, Defendant fails to point to any prejudice if Plaintiff's

Supplemental Expert Disclosure is permitted.  Additionally, Dr. Capicotto's affidavit,

Maxwell Affidavit Exh G (Dkt. 51-7), explains Dr. Capicotto was unable to sign his

supplemental report until he returned to his office on September 3, 2015.  Dkt. 51-7 ¶ 4.

Although not condoning Plaintiff's tardiness in filing the Supplemental Expert Disclosure, Plaintiff's apparent good faith effort to provide a timely filing and the absence of any demonstrable prejudice to Defendant requires Defendant's motion be DENIED on this ground.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297-98 (2d Cir. 2006) (choice of sanction for late expert disclosure discretionary); *see also Lormé v. Delta Air Lines, Inc.*, 251 Fed.Appx. 691, 692 (2d Cir. 2007) (same) (citing *Salem v. United States Lines, Co.*, 370 U.S. 31, 35 (1962) (court "has broad discretion in matter of admission or exclusion of expert evidence . . .."))).

Defendant's contention that Plaintiff cannot supplement an expert disclosure that was not served in accordance with Rule 26(a)(2)(B) and which does not comply with Rule 26(a)(2)(B), Defendant's Memorandum II, Dkt. 47-2, at 4, is, of course, fundamentally flawed for the same reason as are Defendant's other contentions because they entirely ignore the controlling applicability of Rule 26(a)(2)(C).  Moreover, Defendant's contention also overlooks that if Plaintiff's initial Expert Disclosure complies with Rule 26(a)(2)(C), as it does, Plaintiff was required to supplement Plaintiff's Rule 26(a)(2)(C) disclosure in accordance with Fed.R.Civ.P. 26(a)(2)(E) (parties to serve supplemental disclosures required by Fed.R.Civ.P. 26(e) to provide corrective or additional material information not otherwise known to the opposing party).  Plaintiff's Supplemental Report was therefore required as a supplemental disclosure as it informed Defendant of Plaintiff's subsequent disc surgery and Dr. Capicotto's prognosis that despite such surgery, Plaintiff's prognosis was not good and Plaintiff would require further surgeries and medical treatment including continued pain management.  As such, Defendant's objection to Plaintiff's Supplement Expert Disclosure on this ground

is also without merit.  Although supplemental expert disclosures are subject to the
Second Amended Scheduling Order, as Defendant argues, Defendant's Memorandum
at 4-5 (citing caselaw), as discussed, Discussion, *supra*, at 11-12, under the
circumstances presented, preclusion of Dr. Capicotto's testimony pursuant to
Fed.R.Civ.P. 37(c)(1), based on the three-day delay would be excessive.

Finally, the court finds that both of Plaintiff's expert disclosures comport with Rule
26(a)(2)(C).  Plaintiff's expert disclosure indicated with fair detail Dr. Capicotto's findings
of multiple injuries and symptoms in Plaintiff's cervical, thoracic, and lumbar and sacral
spine areas, related pain, Dkt. 42-6, ¶¶ 5-6, loss of range of motion in Plaintiff's neck
and spine, Dkt. 42-6, ¶¶ 9, 10, scarring, aggravation of degenerative spinal changes,
anxiety, sleeplessness, and depression and a prognosis of permanency including
required surgeries and pain management therapy.  Dkt. 45-1 at 1-3.  Dr. Capicotto also
described his findings with respect to the significant limiting effects of Plaintiff's injuries
on Plaintiff's daily living activities.  *Id.*  Plaintiff's also provided to Defendant Dr.
Capicotto's curriculum vitae which shows Dr. Capicotto is a board certified orthopedic
surgeon with over 35 years of experience.  Dkt. 42-5 at 4. Finally, Dr. Capicotto
expressed his opinion that the auto accident involving Defendant is the sole cause of
Plaintiff's ailments.  Dkt. 42-6 ¶ 16.  In Plaintiff's Supplemental Expert Disclosure, Dr.
Capicotto updated the course of his treatment of Plaintiff in his affidavit dated
September 3, 2015, Dkt. 45-2, indicating disc herniation at Plaintiff's C5-6, and C6-7 on
which Dr. Capicotto performed anterior cervical surgery on February 27, 2015.  *Id.* at 3.
Dr. Capicotto reiterated his findings of Plaintiff's continued spinal-related pain.  *Id.* at 2.
Dr. Capicotto also gave his opinion that Plaintiff will continue to experience physical

difficulties with his neck, back and right leg and that Plaintiff's disabilities are the result of the accident involving Defendant.  *Id.* at 3.  As such, Plaintiff's disclosures comply with Rule 26(a)(2)(C).

In sum, Dr. Capicotto is an expert witness for purposes of Fed.R.Evid. 702, 703 and 705 and § 1821(b) entitled to a reasonable witness fee, and may testify regarding Plaintiff's injuries including Dr. Capicotto's diagnosis, treatment, prognosis, including permanency, of Plaintiff's condition and the question of causation based on information obtained during the course of Dr. Capicotto's treatment of Plaintiff without limitation because of information Dr. Capicotto may have received from outside sources such as Defendant's IME Report.  Dr. Capicotto's testimony should not be precluded because of the three-day delay in serving Plaintiff's Supplemental Expert Disclosure satisfying the requirements of Rule 26(a)(2)(C) and (E).

## CONCLUSION

Based on the foregoing, Defendant's motions (Dkts.  29 and 47) are DENIED.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  March 31, 2016
        Buffalo, New York